**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH STRICKLEN,

      Plaintiff,

v.
                             Case No: 8:26-cv-1941-KKM-TGW

THE STANDARD FIRE
INSURANCE COMPANY,

      Defendant.

_____

## <u>ORDER</u>

Elizabeth Stricklen alleges that the Standard Fire Insurance Company breached the insurance policy between the two parties by not providing Stricklen with benefits relating to underinsured or uninsured drivers after one such driver collided with Stricklen on August 29, 2025. *See* Compl. (Doc. 1-1) ¶¶ 3–13. On June 9, 2026, Stricklen sued Standard Fire in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. *See id.*

Standard Fire removed the case to this Court on July 7, 2026, based on purported diversity jurisdiction. Notice of Removal (NOR) (Doc. 1). I directed Standard Fire to show cause no later than July 15, 2026, and "explain why, by a preponderance of the evidence, the amount in controversy is sufficient for diversity jurisdiction." (Doc. 5). Standard Fire did not respond. After

considering the complaint, the notice of removal, and the attached documents, I remand the case for lack of subject matter jurisdiction.

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "Where the plaintiff has not plead a specific amount of damages," the removing party must show, "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *See id.*; *see also* 28 U.S.C. § 1446(c)(2)(B). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But conclusory allegations or speculation that the amount in controversy is satisfied are insufficient to meet the defendant's burden. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff, along with the removal attachments. *See Pretka*, 608 F.3d at 755 (explaining that "Defendants may introduce their own affidavits, declarations, or other documentation" to

show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

As an initial matter, Stricklen does not allege a specific amount of damages. *See generally* Compl. Instead, she seeks a judgment "for damages, costs, interest, attorneys' fees, and such other relief this as this Court deems just and proper." Compl. at 3 (Prayer for Relief).

In the Notice of Removal, Standard Fire points only to a pre-suit demand letter from Stricklen. *See* NOR at 4. The January 12, 2026 demand letter merely states that "[w]e believe the damages sustained by Elizabeth Stricklen to be significant enough that, should this claim proceed to a jury trial, . . . [there is a] substantial likelihood of a verdict in excess of the [$250,000] policy limits considering the severity of Elizabeth Stricklen's injuries." Demand Letter (Doc. 1-4). The demand letter references attached medical bills, which have not been provided to the Court, and does not otherwise expound on Stricklen's injuries. *See id.* For its part, Stricklen's complaint does not go beyond boilerplate allegations of injury. *See* Compl. ¶ 10. The demand letter and vague allegations of injury are insufficient to meet Standard Fire's burden.

Numerous courts in "[t]he Middle District ha[ve] determined that demand letters . . . are not sufficient evidence to establish the amount in controversy because a plaintiff's demand for the available policy limits does not establish that the claim will more likely than not exceed $75,000.00 by a preponderance of the evidence." *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014); *Hughes v. USAA Cas. Ins. Co.*, No. 6:24-CV-1595-JSS-LHP, 2025 WL 1085823, at *3 (M.D. Fla. Mar. 20, 2025). Here, the demand letter provides no meaningful insight into Stricklen's injuries. Nor does it shed any light onto Stricklen's non-economic damages such that I could avoid impermissible speculation as to their amount. In keeping with the Eleventh Circuit's guidance, I decline to do so. *See Lowery*, 483 F.3d at 1211 (disapproving "unabashed guesswork" and "speculation" at the amount-in-controversy stage).

Standard Fire has failed to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Thus, remand is warranted.

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida,

and to transmit a certified copy of this order to the clerk of that court.

2.    The Clerk is further directed to **TERMINATE** any pending deadlines and motions, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 16, 2026.

Kathryn Kimball Mizelle
United States District Judge

5